# EXHIBIT 1



**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-06714

*Law and Policy Section*     *Telephone (202) 514-1442*
*P.O. Box 7415*     *Facsimile (202) 514-4231*
*Washington, DC  20044-7415*

November 25, 2024

PROVIDED TO COUNSEL OF RECORD
TO SUBMIT TO THE COURT VIA ECF

Clerk's Office
United States District Court
Central District of California
First Street Courthouse
350 West 1st Street
Los Angeles, California 90012

    Re:   *Los Angeles Waterkeeper v. Arcadia Products, LLC* (C.D. Cal.), Case No. 2:24-cv-03445

Dear Clerk of Court:

    I am writing to notify you that the United States has reviewed the proposed consent judgment in this action and does not object to its entry by this Court.

    On October 16, 2024, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3).[1]  This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

---

[1] The term "consent judgment" in the Clean Water Act citizen suit provisions has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case.  For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language.  Such documents and any associated instruments must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials.  The Department monitors citizen suit litigation to review compliance with this requirement.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or an environmentally beneficial project payment sufficient to deter future violations, or combinations of the above.

In this case, the proposed consent decree requires, *inter alia*, that Arcadia Products, LLC submit a payment to a non-party organization to fund environmentally beneficial project activities that will reduce or mitigate the impacts of storm water pollution from industrial activities occurring in the Los Angeles River watershed. Where a consent judgment provides for the payment of sums to a third party that is to undertake an environmentally beneficial project and/or acquire a property interest that will have environmental benefits, the United States typically requests that the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax exempt entity and that it: (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the funds were spent. In a letter attached as Exhibit A, the intended recipient of the funds, Friends of Cabrillo Marine Aquarium, confirmed that any funds received as a result of the proposed consent decree would be used solely for the purpose outlined in the consent decree and no portion of the funds would be used for political lobbying activities. The United States believes that this letter will help to ensure that any monies expended under the consent judgment will be used in a manner that furthers the purposes of the Clean Water Act and that is consistent with the law and the public interest.

Given the facts of this case, the United States has no objection to the proposed consent judgment. The fact that we do not have a basis to object to this consent judgment does not imply approval of this instrument.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the

parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. *See* 33 U.S.C. §1365(c)(3).

      We appreciate the attention of the Court. Please contact the undersigned at 202-304-2636 if you have any questions.

      Sincerely,

      */s/ Joseph Manning*

      Joseph Manning, Attorney
      U.S. Department of Justice
      Environment and Natural Resources Division
      Law and Policy Section
      P.O. Box 7415
      Washington, D.C. 20044-4390

cc:    Counsel of Record via ECF

# EXHIBIT A



Bym Bowen, Paralegal Specialist
United States Department of Justice
Environment & Natural Resources Division/Law and Policy Section EXECUTIVE OFFICE
P.O. Box 7415 Ben Franklin Station
Washington, D.C. 20044-7415
Email: bryn.bowen@usdoj.gov

Re: **Los Angeles Waterkeeper v Arcadia Products, LLC, United States District Court, Central District of California, Case No. 2:24-cv-03445 – Consent Decree Funds**

Dear Ms. Bowen,

This letter is intended to provide assurance that I have received and read the Consent Decree in the above referenced action. I am authorized by the Board of Directors to make the following binding commitments on behalf of Friends of Cabrillo Marine Aquarium (FCMA).

I understand that under the Consent Decree, FCMA will be receiving funds from Arcadia Products, LLC as specified in the Consent Decree. As provided in the Consent Decree, FCMA shall only use these funds to support Cabrillo Marine Aquarium (CMA) projects that will reduce or mitigate the impacts of storm water pollution from industrial activities occurring in the Los Angeles River watershed. The funds received will be spent on one or more of the following activities: reintroduction of two local marine species:

- White abalone, one of the most critically endangered species on the planet. CMA is part of a consortium of aquariums working to reintroduce this species into the wild. Funding would help us provide special foods and tanks and equipment for these animals as they grow big enough to release. The project also involves some training and travel expenses. We currently have more than 450 white abalone in our Aquatic Nursery being prepped for release.
- Sea stars recently suffered one of the largest die-off of a single species since the dinosaurs. Marine biologists believe that a rise in ocean temperatures caused the rapid spread of a virus that caused sea stars to waste away. We are raising sunflower stars and bat stars in an effort to aid in the recovery of this species.

We confirm that none of the money received under the Consent Decree will be used for political lobbying activities. After funds are dispersed, FCMA shall send a report to the Justice Department and the Settling Parties setting forth how the funds were spent, demonstrating conformance with the Consent Decree's requirements.

FCMA is a 501(c)(3) (tax ID# ). Its sole purpose is to provide support and resources to CMA. More information can be found at https://cma.recreation.parks.lacity.gov/. Please do not hesitate to contact me with any questions, or for additional information at (310)548-7410 or caroline.brady@cmaqua.org.

Sincerely,

*Caroline I. Brady*

Caroline I. Brady, Executive Director